**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Raymond PRESCOTT, a.k.a. Ram,**
**Defendant–Appellant.**

No. 12–16098
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Nov. 25, 2013.

Verda M. Colvin, Michelle Lee Schieber, U.S. Attorney's Office, Macon, GA, Michael J. Moore, U.S. Attorney, U.S. Attorney's Office, Columbus, GA, for Plaintiff–Appellee.

Harvey Gee, Federal Defender's Office, Albany, GA, Martin J. Vogelbaum, Catherine Michelle Leek, Cynthia W. Roseberry, Federal Public Defender's Office, Macon, GA, for Defendant–Appellant.

Before PRYOR, ANDERSON, and DUBINA, Circuit Judges.

PER CURIAM:

Raymond Prescott appeals the district court's denial of his motion to modify his term of imprisonment, pursuant to 18 U.S.C. § 3582(c)(2). After careful review, we affirm.

Prescott argues that he is entitled to a sentence reduction notwithstanding his status as a career offender, and that he should be resentenced based on the lowered mandatory minimum and statutory maximum sentences under the Fair Sentencing Act of 2010 ("FSA"). Citing to *Freeman v. United States,* 564 U.S. ——, 131 S.Ct. 2685, 180 L.Ed.2d 519 (2011), he argues that his sentence was based on U.S.S.G. § 2D1.1(c), which was amended by Amendment 750. Prescott argues that we should not rely on our decision in *United States v. Lawson,* 686 F.3d 1317 (11th Cir.), *cert. denied,* —— U.S. ——, 133 S.Ct. 568, 184 L.Ed.2d 371 (2012), in the instant case because it relies unduly on Justice Sotomayor's concurrence in *Freeman,* does not specifically address career offenders, and lacks any in-depth analysis of the FSA's background. Prescott further argues that he was entitled to be resentenced under the FSA's reduced statutory penalties for crack-cocaine offenses. In his reply brief, Prescott argues that *United States v. Berry,* 701 F.3d 374 (11th Cir.2012), and *United States v. Hippolyte,* 712 F.3d 535 (11th Cir.2013), are distinguishable from his case.

We review *de novo* the district court's legal conclusions about the scope of its authority under § 3582(c)(2). *Lawson,* 686 F.3d at 1319. Section 3582(c)(2) provides that a court may reduce a defendant's sentence where the defendant is sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a)(1).

In *United States v. Moore,* we held that a career offender is not entitled to § 3582(c)(2) relief where a retroactive guideline amendment reduces his base offense level, but does not alter the sentencing range upon which his sentence was

based. 541 F.3d 1323, 1330 (11th Cir. 2008). In *Lawson*, we rejected a career offender's argument that, in light of the Supreme Court's decision in *Freeman*, the holding of *Moore* was overruled, such that he was entitled to a sentence reduction based on § 3582(c)(2) and Amendment 750, despite his sentence being based on the career offender guideline. *Lawson*, 686 F.3d at 1319–21. In *Freeman*, the question before the Supreme Court was whether defendants who entered into Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreements were eligible for § 3582(c)(2) relief. *Freeman*, 564 U.S. at ——, 131 S.Ct. at 2690. Neither the plurality opinion nor Justice Sotomayor's concurrence in *Freeman* addressed defendants who were assigned a base offense level under one guideline section, but who were ultimately assigned a total offense level and guideline range under § 4B1.1. *Lawson*, 686 F.3d at 1321. Thus, *Freeman* did not overrule *Moore*'s holding that a career offender was not entitled to § 3582(c)(2) relief where his guideline range was not lowered by a retroactive amendment because it was not "clearly on point" to the issue that arose in *Moore*. *Id.* (quotation omitted). Accordingly, we held that Lawson, a career offender, was not entitled to relief based on Amendment 750 and § 3582(c)(2), as his guideline range based on § 4B1.1 was not reduced by Amendment 750. *Id.*

In *Berry*, we addressed the applicability of Amendment 750 and the FSA in the context of a § 3582(c)(2) proceeding. 701 F.3d at 376–77. Berry was convicted of a crack cocaine offense and sentenced in 2002, and his initial guideline range was 360 months to life imprisonment, which was based on his status as a career offender under § 4B1.1(b), not on the drug quantity tables in § 2D1.1. *Id.* at 376. On appeal, we held that the district court did not have the authority to grant Berry's § 3582(c)(2) motion because Amendment 750 had no effect on Berry's initial guideline range of 360 months to life imprisonment or his guideline sentence of life imprisonment. *Id.* at 377. In addition, we rejected Berry's argument that he was eligible for a § 3582(c)(2) reduction under the FSA, determining that the FSA was not an amendment to the Guidelines by the Sentencing Commission, but rather a statutory change by Congress. *Id.* Thus, it did not serve as a basis for a § 3582(c)(2) sentence reduction in Berry's case. *Id.* Even assuming that Berry could bring his FSA claim in a § 3582(c)(2) motion, his claim still failed because he was convicted and sentenced in 2002 and the FSA did not apply retroactively to his 2002 sentence. *Id.*

In *Hippolyte*, we rejected the defendant's arguments (1) that Congress intended for the FSA to apply to drug-crime sentence reductions under § 3582(c)(2) and (2) that it would be inconsistent to apply the more lenient sentencing ranges of Amendment 750, but keep the harsh pre-FSA mandatory minimums in a § 3582(c)(2) proceeding involving a defendant sentenced before the FSA's enactment. 712 F.3d at 539–40, 542. We determined that *Berry* was indistinguishable from Hippolyte's case, and, thus, the FSA's reduced statutory penalties did not apply. *Id.* at 542.

■■■■ Here, Prescott was not eligible for a reduced sentence under Amendment 750 because he was sentenced as a career offender under § 4B1.1. *See Moore*, 541 F.3d at 1330. Amendment 750, which only amended § 2D1.1, did not operate to lower Prescott's Guidelines range of 262 to 327 months' imprisonment. Regardless of the effect of Amendment 750, as a career offender, Prescott remained subject to a total offense level of 34 in light of his stat-

utory maximum sentence of life imprisonment. *See* 21 U.S.C. § 841(b)(1)(A)(iii) (2000); U.S.S.G. § 4B1.1. The asserted reduction in Prescott's Guidelines range was wrought solely by the FSA, which is not a Guidelines amendment and, therefore, cannot serve as the basis for a sentence reduction. *See Berry,* 701 F.3d at 377. Moreover, Prescott cannot benefit from the FSA because he was sentenced prior to its enactment. *See* Pub.L. No. 111–220, 124 Stat. 2372; *Berry,* 701 F.3d at 377–78.

The FSA does not apply to Prescott's case, and he has not shown that he is entitled to a § 3582(c)(2) sentence reduction because he has not shown that an amendment to the Guidelines has the effect of reducing his sentence. Accordingly, the district court did not err in denying Prescott's § 3582(c)(2) motion.

**AFFIRMED.**